Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SUZANNE B. CONLON | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6344 | **DATE** | AUG 21 2012 |
| **CASE TITLE** | Robert Lee Henderson (#41182-424) vs. Dr. Mark Eskandari, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $15.50 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk is directed to send a copy of this order to the trust fund officer at the Metropolitan Correctional Center. However, summonses shall not issue at this time. The court dismisses the complaint on file without prejudice. The plaintiff is granted until September 14, 2012, to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint by September 14, 2012, will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ [For further details see text below.]

*Suzanne B. Conlon*

Docketing to mail notices.

## STATEMENT

The plaintiff, a federal prisoner, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1331. The plaintiff appears to claim that doctors at Northwestern Medical Hospital committed malpractice by injuring the plaintiff's vocal cords during vascular surgery; he also names as defendants the Warden of the Metropolitan Correctional Center ("MCC") and one of its staff physicians.

The plaintiff is granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $15.50. The trust fund officer at the plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is authorized and ordered to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the **(CONTINUED)**

mjm

plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of the plaintiff's transfer to another correctional facility.

However, the plaintiff must submit an amended complaint. Although the plaintiff is suing under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), he has failed to state a cause of action against either federal employee. The body of the complaint discusses only the alleged failures of Northwestern doctors, making no mention whatsoever of either Warden Linaweaver or staff physician Paul Harvey. In order to satisfy basic pleading requirements, the plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008); see also Fed. R. Civ. P. 8(a)(2).

The plaintiff is advised that neither the warden nor a prison doctor may be held vicariously liable for errors on the part of Northwestern's medical staff. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1948 (2009) The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Here, the plaintiff has articulated no basis for liability of the MCC defendants; to the contrary, he seems to say that MCC recognized and addressed the problems created by Northwestern physicians.

As an additional obstacle to suit against Dr. Harvey, it would appear that he cannot be sued under *Bivens* because he is a commissioned officer of the U.S. Public Health Service. Under 42 U.S.C. § 233(a), suits for personal injury regarding medical care by a commissioned officer must be brought under the Federal Tort Claims Act ("FTCA"). Suit under the FTCA "shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee ... whose act or omission gave rise to the claim." 28 U.S.C. § 233(a). "Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct." *Hui v. Castaneda*, —U.S. —, 130 S. Ct. 1845, 1851 (2010). Section 233(a) "plainly precludes a *Bivens* action" against Public Health Services officers. *Id.*, 130 S. Ct. at 1855. Another judge of this district has previously held that Harvey is, in fact, a commissioned officer and therefore not subject to suit under *Bivens*. *See Watson-El v. Wilson*, No. 08 C 7036, 2010 WL 3732127, *12 (N.D. Ill. Sep. 15, 2010) (Holderman, J.). The Federal Tort Claims Act, it should also be noted, has an administrative exhaustion requirement. *See* 28 U.S.C. § 2675(a).

In short, it would seem that the plaintiff only has a cause of action for medical malpractice against Northwestern doctors, and not any actionable federal claim. If the plaintiff wishes to sue Northwestern physicians **(CONTINUED)**

| STATEMENT (continued) |
|---|

for malpractice, he must do so in state court. *See, e.g., Rappe v. McGee*, No. 11 C 1393, 2011 WL 6102016, *2 (N.D. Ill. Dec. 7, 2011) (Kennelly, J.) (Northwestern Hospital, as well as its doctors and employees, are private parties who cannot be sued under *Bivens*). Moreover, the plaintiff is admonished that under Illinois law, a patient must file a physician's certificate of merit and an accompanying report with every malpractice claim, whether in state or federal court. *See* 735 ILCS § 5/2–622; *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000); *Dobrzeniecki v. Salisbury*, No. 11 C 7956, 2012 WL 1531278, *11 (N.D. Ill. Apr. 27, 2012) (Holderman, J.).

For the foregoing reasons, the court dismisses the complaint on file without prejudice. The plaintiff is granted until September 14, 2012, to submit an amended complaint on the court's required form, if he believes that he can state a tenable cause of action against MCC officials. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint.** The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files.

The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply by September 14, 2012, the case will be summarily dismissed.

*Suzanne B. Conlon*