Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SUZANNE B. CONLON | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6344 | **DATE** | 10/9/2012 |
| **CASE TITLE** | Robert Lee Henderson (#41182-424) vs. Dr. Mark Eskandari, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff is granted until November 5, 2012, to submit a second amended complaint (plus a judge's copy and service copies). The case will remain closed unless the plaintiff submits a second amended complaint by November 5, 2012, that can pass a threshold review. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff, a federal prisoner, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1331. The plaintiff claims that the defendants, the warden and three physicians at the Metropolitan Correctional Center, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that he was denied needed care for vocal cord paralysis, resulting in lingering speech impairment.

By Minute Order of September 25, 2012, the court dismissed this case in light of the plaintiff's apparent failure to submit an amended complaint as directed. However, the plaintiff had in fact mistakenly submitted an amended complaint under the case number of another one of his pending cases. *See Henderson v. Linaweaver*, Case No. 12 C 6345 (N.D. Ill.), Minute Order of October 2, 2012 (Conlon, J.). The amended complaint has now been docketed under the correct case number.

Unfortunately, the amended complaint still fails to state a claim against the named defendants. As the court previously advised the plaintiff, in order to satisfy basic notice pleading requirements, a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008); Fed. R. Civ. P. 8(a)(2). In the case at bar, the plaintiff has alleged no facts suggesting the direct, personal involvement of any

mjm

| STATEMENT (continued) |
|---|

of the named defendants, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1948 (2009) ("[P]laintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

The plaintiff is additionally reminded that under 42 U.S.C. § 233(a), suits for personal injury regarding medical care by a commissioned officer must be brought under the Federal Tort Claims Act ("FTCA"). Suit under the FTCA "shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee ... whose act or omission gave rise to the claim." 28 U.S.C. § 233(a). "Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct." *Hui v. Castaneda*, —U.S. —, 130 S. Ct. 1845, 1851 (2010). Section 233(a) "plainly precludes a *Bivens* action" against Public Health Services officers. *Id.*, 130 S. Ct. at 1855. Another judge of this district has previously held that at least Dr. Harvey is a commissioned officer and therefore not subject to suit under *Bivens. See Watson-El v. Wilson*, No. 08 C 7036, 2010 WL 3732127, *12 (N.D. Ill. Sep. 15, 2010) (Holderman, J.). The Federal Tort Claims Act, it should also be noted, has an administrative exhaustion requirement. *See* 28 U.S.C. § 2675(a). It would appear that the plaintiff must bring suit against medical officers under the FTCA, and only after exhausting administrative remedies.

For the foregoing reasons, the court dismisses the complaint on file without prejudice. The plaintiff is granted until November 5, 2012, to submit a second amended complaint on the court's required form, if he believes that he can state a tenable cause of action against MCC officials. The plaintiff must write both the correct case number and the judge's name on the second amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the second amended complaint.**

The plaintiff is cautioned that an amended pleading supersedes prior pleadings and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the second amended complaint, without reference to the original or amended complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the second amended complaint must be attached, and each copy of the second amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files.

The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply by November 5, 2012, the case will remain closed.

*Suzanne B. Conlon*