Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SUZANNE B. CONLON | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6344 | **DATE** | 11-15-2012 |
| **CASE TITLE** | Robert Lee Henderson (#41182-424) vs. Dr. Mark Eskandari, et al. | | |

**DOCKET ENTRY TEXT:**

The second amended complaint [#10] is summarily dismissed on preliminary review pursuant to 28 U.S.C. § 1915A. The case remains closed. Dismissal is without prejudice to filing a new suit under the Federal Tort Claims Act (assuming the plaintiff can meet the prerequisites for filing a claim under the FTCA, *see* 28 U.S.C. 2675(a)).

■ [For further details see text below.]

*Suzanne B. Conlon*
Docketing to mail notices.

## STATEMENT

The plaintiff, a federal prisoner, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1331. The plaintiff claims that the defendants, wardens and a staff physician at the Metropolitan Correctional Center, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that he was denied adequate care for vocal cord paralysis, resulting in lingering speech impairment.

By Minute Order of September 25, 2012, the court dismissed this case in light of the plaintiff's apparent failure to submit an amended complaint as directed. On October 9, 2012, the court dismissed the plaintiff's misfiled amended complaint but granted him the opportunity to submit a second amended complaint. Having reviewed the second amended complaint, the court declines to reopen the case.

Under 28 U.S.C. § 1915A, the court is required to dismiss a suit brought by a prisoner at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the second amended complaint fails to state a claim under civil rights laws.

As discussed in prior orders, Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated
**(CONTINUED)**

mjm

in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1948 (2009) ("[P]laintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Despite having been given three chances to do so, the plaintiff has once again failed to state any facts suggesting the personal involvement of either warden. Indeed, administrative officials are generally insulated from liability where, as here, a medical staff is addressing an inmate's medical needs. *See, e.g., Johnson v. Snyder*, 444 F.3d 579, 586 (7th Cir. 2006).

Furthermore, the court previously notified the plaintiff that he must bring suit under the Federal Tort Claims Act against Dr. Harvey concerning the quality of his medical care. *See* 42 U.S.C. § 233(a). Suit under the FTCA "shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee ... whose act or omission gave rise to the claim." *Id.* "Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct." *Hui v. Castaneda*, —U.S. —, 130 S. Ct. 1845, 1851 (2010). Section 233(a) "plainly precludes a *Bivens* action" against Public Health Services officers. *Id.*, 130 S. Ct. at 1855. Dr. Harvey is a commissioned officer and therefore not subject to suit under *Bivens*. *See Watson-El v. Wilson*, No. 08 C 7036, 2010 WL 3732127, *12 (N.D. Ill. Sep. 15, 2010) (Holderman, J.). The Federal Tort Claims Act, it should also be noted, has an administrative exhaustion requirement. *See* 28 U.S.C. § 2675(a). The plaintiff must bring suit concerning his medical care under the FTCA, and only after exhausting administrative remedies.

For the foregoing reasons, the second amended complaint is dismissed and the case remains closed. Dismissal is without prejudice to filing suit under the Federal Tort Claims Act.

*Suzanne B. Conlon*